## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **SEAMAN CORPORATION,** | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE |
| v. | ) | |
| | ) | |
| **THE GARLAND COMPANY, INC.,** | ) | **COMPLAINT FOR INFRINGEMENT** |
| **GARLAND INDUSTRIES, INC.** | ) | **OF A REGISTERED TRADEMARK** |
| | ) | **AND UNFAIR COMPETITION** |
| Defendants. | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| | ) | |
| | ) | |

For its Complaint, Plaintiff states as follows:

**Parties, Jurisdiction and Venue**

1. Plaintiff Seaman Corporation ("Seaman") is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 1000 Venture Boulevard, Wooster, OH 44691.

2. On information and belief, Defendants The Garland Company, Inc. and Garland Industries, Inc. (collectively "Garland") are corporations organized and existing under the laws of the State of Ohio, with their principal places of business at either 3800 East 91st Street, Cleveland, Ohio 44105 or 4500 Rockside Rd., Suite #400 Independence Ohio 44131, or both.

3. The claims asserted herein arise under the Trademarks Laws of the United States, 15 U.S.C. § 1051 *et seq.* and the Ohio Deceptive Trade Practices act, Ohio Revised Code § 4165 *et seq.*

4. This Court has original subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §§ 1331 & 1338(a), and 15 U.S.C. § 1121(a).

5. This Court has personal jurisdiction over Garland because Garland is a corporation organized under the laws of the State of Ohio with its principal place of business in this judicial district, in the eastern division, and specifically in Cuyahoga country.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1), (2) & (c) because Garland is deemed to reside in this judicial district.

## Seaman and its FiberTite® Business

7. Seaman is, and has been for many years, a leading innovator, manufacturer and distributor of industrial fabrics and membranes, including, specifically, roofing membrane products that provide puncture, chemical, light and water resistance.

8. As early as December 16, 1981, Seaman adopted the mark FiberTite® and commenced use of that mark on or in connection with roofing membranes and other roofing products.

9. Seaman is the owner of U.S. Trademark Registration Number 1,225,069 ("the '069 Registration") for the mark FiberTite® in International Class 012 in connection with "fabrics of natural or synthetic fibers coated with a polymeric material for use as roofing membranes." The '069 Registration was issued by the U.S. Patent and Trademark Office ("USPTO") on January 25, 1983, based on an application filed by Seaman on January 4, 1982. A copy of the registration is attached as **Exhibit A.**

10. The '069 Registration is valid, subsisting and, as of July 5, 1988, incontestable.

2

11. Since at least December 16, 1981, the FiberTite® mark has been used continuously in interstate commerce by or on behalf of Seaman on or in connection with roofing products such as fabrics of natural or synthetic fibers coated with a polymeric material for use as roofing membranes. Over the past 40 plus years, in addition to serving as a trademark, the FiberTite® mark has also become the trade name used by Seaman for its roofing division.

12. The mark FiberTite® is currently used by Seaman on or in connection its entire line of roofing-related membranes and accessory products, including:

- FiberTite® roof membranes;
- FiberTite® FTR SA Primer;
- FiberTite® VBX™ (air & vapor barrier);
- FiberTite® WRAPID Flash® (pipe flashing);
- FiberTite® U-Anchor™ (rooftop attachments);
- FiberTite® roof walkway products;
- Various other insulation products, adhesives, sealants, roof edges, and metal accessories.

13. The '069 Registration establishes Seaman's exclusive right to use the mark FiberTite® throughout the United States as of at least as early as December 16, 1981 on or in connection with fabrics of natural or synthetic fibers coated with a polymeric material for use as roofing membranes.

14. Seaman's FiberTite® products are and have been advertised, offered for sale, sold and distributed under the FiberTite® mark for many years in many countries throughout the world, including the United States. Currently, these products are promoted, marketed and sold through Seaman's sales employees and a network of independent representatives across the United States.

3

15. Seaman's FiberTite® products have been met with much success in the marketplace and have experienced significant growth since the introduction of the first FiberTite® products in December 1981.

16. Seaman has devoted considerable marketing and promotional resources to the promotion and sale of FiberTite® products since 1981.

17. As a result of the success of FiberTite® products in the marketplace and Seaman's significant promotional efforts and expenditures since 1981, the mark FiberTite® has, on information and belief, acquired distinctiveness above and beyond the inherent distinctiveness of the mark, has developed strong brand recognition among customers, and has become one of the most valuable assets of Seaman.

## Garland and its infringing FireTite Products

18. Garland is commercial building company that specializes in commercial roofing and offers products and services relating to commercial roofing.

19. Garland and Seaman are competitors.

20. Garland is currently advertising, selling, offering for sale, and distributing in the United States one or more roofing material primer products under the trade designation FireTite (the "Infringing Products"). As a result, Garland is currently using in commerce the trade designation FireTite.

21. On information and belief, Garland adopted and commenced using in commerce the trade designation FireTite for roof material primer in or around March 2023.

22. Garland promotes its FireTite product as a "roofing primer" that "form[s] a char-barrier that protects the wood substrate."

23. Garland's FireTite product is promoted and offered for sale throughout the United States.

24. Garland's adoption and use of the trade designation FireTite on or in connection with the Infringing Products was and is without the consent of Seaman.

25. On or about November 30, 2007, Garland entered into a contractual relationship with Seaman involving Seaman's supply of commercial roofing membrane and accessory products to Garland. **Exhibit B**. As a result, on information and belief, at least as of that time Garland knew of Seaman's use of the mark FiberTite® in connection with roofing products.

26. At the very least, at the time Garland introduced the first of the Infringing Products to the marketplace, it had constructive notice of Seaman's claim of rights in the mark FiberTite® by virtue of Seaman's registration of the mark FiberTite® with the USPTO.

27. Garland's FireTite-branded Infringing Products and Seaman's FiberTite® products are offered for sale to the same customers within the same trade channel.

28. On or about March 6, 2023, Garland Industries, who on information and belief is a subsidiary of Garland, filed with the USPTO an Intent-To-Use Trademark Application No. 97,829,390 ("the '390 Application) (**Exhibit C**) for the designation FireTite.

29. In conjunction with the filing of the '390 Application, Garland provided a sworn statement to the USPTO that it had a "bona fide intention to use the mark [FireTite] in commerce and had a bona fide intention to use the mark in commerce as of the application filing date on or in connection with the goods/services in the application," which included using the mark for "Fire resistant primer; fire resistant roof primer; fire resistant building primer; fire resistant roof underlayment; fire resistant building underlayment; fire resistant roof membrane; fire resistant building membrane." *Id.* at 4.

**The Controversy Between the Parties**

30.     The trade designation FireTite, when used on or in connection with roofing products, creates the same commercial impression as does the registered mark FiberTite® when that mark is used on or in connection with the goods identified in the '069 Registration.

31.     The marks FiberTite® and FireTite are highly similar in both sound and appearance. Both end with the made-up word "Tite" and begin with an 'F,' followed by a long 'i' sound, and having the sound 'er' before the term "Tite." The only audible difference is the removal of the 'b' sound from "Fiber."

32.     On information and belief, the actual and potential customers and end-users of the Infringing Products are or will likely to be the same as or substantially overlap with the actual and potential customers and end-users of one or more of Seaman's FiberTite® products.

33.     On information and belief, the Infringing Products are or are likely to be advertised, promoted, offered for sale and sold in the same channels of trade as Seaman's FiberTite® products.

34.     On information and belief, instances of actual confusion are arising or have arisen out of Garland's use of the trade designation FireTite on or in connection with the Infringing Products.

35. For example, on March 29, 2023, a supplier of Seaman sent an email to Scott Gipson, Seaman's Vice President and General Manager of its FiberTite® division, stating that when he first saw the Infringing Products, he "did a double take because at a glance it resembles your [FiberTite®] company name." **Exhibit D.**

36.     On or about March 31, 2023, Seaman sent a letter to Garland asserting that Garland's use of the trade designation FireTite on and in connection with roofing products infringes the registered mark FiberTite® and demanding that Garland cease and desist in its use of the trade designation FireTite. **Exhibit E.**

6

37. On or about April 21, 2023, Garland responded by declining to accede to Seaman's cease and desist demand and denying that its use of the trade designation FireTite infringed on Seaman's registered mark FiberTite®. **Exhibit F.**

38. After these correspondences, on April 25, 2023, Garland filed a preliminary amendment with the USPTO for its '390 Application for FireTite deleting, inter alia, "roof membrane" from the goods it intended to sell under the FireTite mark. **Exhibit G.** This was almost certainly in response to Seaman's assertion of its rights under the FiberTite® mark. The amendment maintained Garland's intent to use the mark FireTite in conjunction with "roof primer." *Id.*

39. As of the date of filing of this Complaint, Garland has not satisfactorily responded to Seaman's demands.

### First Claim for Relief
*(Infringement of a Registered Mark)*
**[15 U.S.C. § 1114(1)]**

40. Seaman incorporates herein by reference paragraphs 1 through 39 of this Complaint as part of its First Claim for Relief.

41. Seaman, by virtue of the '069 Registration, has, and has had since at least January 25, 1983, the exclusive right to use or authorize use of the mark FiberTite® throughout the United States on or in connection with fabrics of natural or synthetic fibers coated with a polymeric material for use as roofing membranes and similar goods.

42. The trade designation FireTite when used on or in connection with the Infringing Products constitutes a reproduction, counterfeit, copy, or colorable imitation of Seaman's registered mark FiberTite®.

43. Garland's use of the trade designation FireTite on or in connection with the Infringing Products has caused and is likely to cause confusion, mistake or to deceive relevant portions of the

7

public, and thereby infringes Seaman's rights in its registered mark FiberTite® pursuant to Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

44. Seaman has suffered, will suffer or is likely to suffer economic loss in an amount not yet determined as a result of Garland's unauthorized use of the trade designation FireTite on or in connection with the Infringing Products.

45. Garland has gained, will gain or is likely to gain a profit in amounts not yet determined as a result of its unauthorized use of the trade designation FireTite on or in connection with the Infringing Products.

46. On information and belief, the principles of equity support an award of Garland's profits attributable to sale of the Infringing Products, any damages sustained by Seaman as a result of Garland's infringing conduct, and the costs of this Action.

47. On information and belief, the principles of equity and the circumstances of this case support an award of damages to Seaman up three times the amount of actual damages sustained.

48. On information and belief, in the event that the amount of Garland's profits attributable to the sale of the Infringing Products shall be inadequate to compensate Seaman in light of the circumstances of the case, the principles of equity support an award of profits in the amount the Court shall find to be just.

49. The manner and amount of damage to Seaman caused or likely to be caused by the infringing activity of Garland complained of herein cannot be fully measured or compensated in economic terms, and so cannot be adequately remedied at law. As a result, Seaman will suffer irreparable harm and this irreparable harm will continue unless Garland's infringing activities are enjoined during the pendency of this action and thereafter.

**Second Claim for Relief**
*(False Designation, Description or Representation)*
**[15 U.S.C. § 1125(a)]**

50. Seaman incorporates herein by reference paragraphs 1 through 49 of this Complaint as part of its Second Claim for Relief.

51. Garland's use of the term FireTite on or in connection with the Infringing Products constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact that has caused and is likely to cause confusion, mistake, or to deceive relevant portions of the public as to the affiliation, connection or association of Garland with Seaman, or as to the origin, sponsorship, or approval of Garland's goods or commercial activities by Seaman in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52. Seaman has suffered, will suffer or is likely to suffer economic loss in an amount not yet determined as a result of Garland's unauthorized use of the term FireTite on or in connection with the Infringing Products.

53. Garland has gained, will gain or is likely to gain a profit in amounts not yet determined as a result of its unauthorized use of the term FireTite on or in connection with the Infringing Products.

54. On information and belief, the principles of equity support an award of Garland's profits attributable to sale of the Infringing Products, any damages sustained by Seaman as a result of Garland's acts of unfair competition, and the costs of this Action.

55. On information and belief, the principles of equity and the circumstances of this case support of an award of damages to Seaman up three times the amount of actual damages sustained.

56. On information and belief, in the event that the amount of Garland's profits attributable to the unauthorized use of the term FireTite on or in connection with the Infringing Products shall

be inadequate to compensate Seaman in light of the circumstances of the case, the principles of equity support an award of profits in the amount the Court shall find to be just.

57. The manner and amount of damage to Seaman caused or likely to be caused by the acts of unfair competition by Garland complained of herein cannot be fully measured or compensated in economic terms, and so cannot be adequately remedied at law. As a result, Seaman will suffer irreparable harm and this irreparable harm will continue unless Garland's acts of unfair competition are enjoined during the pendency of this action and thereafter.

## Third Claim for Relief
### *(Deceptive Trade Practices)*
**[Ohio Revised Code § 4165 *et seq.*]**

58. Seaman incorporates herein by reference paragraphs 1 through 57 of this Complaint as part of its Second Claim for Relief.

59. Garland's use of the term FireTite on or in connection with the Infringing Products constitutes deceptive trade practices in violation of the Ohio Revised Code § 4165 *et seq.* at least because by such use Garland (1) passes off its goods and services as those of another; (2) causes likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of its goods and services; and (3) causes likelihood of confusion or misunderstanding as to the affiliation, connection, or association with Seaman.

60. Upon information and belief, Garland's conduct has been and continues to be knowing, willful, deliberate, and in bad faith, with malicious intent to deceive and trade off the goodwill associated with the FiberTite® mark.

61. By its conduct, Garland has harmed and deceived the public and inflicted damage and irreparable injury upon Seaman for which there is no adequate remedy at law, and Garland will

continue to do so unless restrained and enjoined by this Court from further infringing the FiberTite® mark and confusing the public and consumers.

62. Upon information and belief, Garland has received revenues and profits as a result of its unfair and deceptive trade practice, to which Garland is not entitled, and Seaman has also suffered injury as a result of Garland's unlawful conduct, for which Garland is responsible.

## Demand for Judgment

WHEREFORE, Seaman demands judgment against Garland as follows:

A. That the Court enter an Order that Garland and its respective officers, agents, servants, employees, attorneys and all other persons in active concert or participation with them, be preliminarily enjoined during the pendency of this action and/or permanently thereafter from using in commerce a trade designation comprising or including the term FireTite or any other trade designation confusingly similar to Seaman's registered mark FiberTite® on or in connection with roofing products, including but not limited to use on or in connection with the Infringing Products.

B. That Garland be required within thirty (30) days after issuance of the injunctive relief specified in the foregoing paragraph to file with the Clerk of this Court and serve on counsel for Seaman a report in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunctive portion of the judgment against it.

C. That the Court enter an order requiring Garland to deliver up all products, packaging and promotional material in its possession bearing a trade designation comprising or including the term FireTite or any other mark confusingly similar to Seaman's registered mark FiberTite® in connection with roofing products, including but not limited to the Infringing Products.

D. That the Court enter judgment in favor of Seaman for damages in the amount that Seaman has sustained as a result of Garland's infringement of the registered mark FiberTite® in a sum to be determined at trial, and as provided by 15 U.S.C. § 1117(a) and ORC § 4165(A)(2).

E. That Garland be required to account for and pay to Seaman all profits derived from Garland's sale of the Infringing Products as provided for by 15 U.S.C. § 1117(a) and ORC § 4165(C).

F. That the Court determine that the amounts awarded in favor of Seaman as damages or profits be increased to the maximum amount allowed under 15 U.S.C. § 1117(a) and ORC § 4165(C).

G. That the Court determine this to be an exceptional case and Garland be ordered to pay Seaman its reasonable attorney fees pursuant to 15 U.S.C. § 1117(a) and ORC § 4165(B).

H. That the Court fix, and Garland be ordered to pay Seaman, the costs of this action pursuant to 15 U.S.C. § 1117(a) and ORC § 4165(B).

I. That the Court determine, and Garland be ordered to pay Seaman, prejudgment interest on all sums awarded to the full extent allowed by law.

J. That Garland be ordered to withdraw or abandon U.S. Trademark Application Serial No. 97,829,390, and/or surrender for cancellation any registration that might mature therefrom.

K. That Seaman have such other and further relief as this Court may deem just and proper.

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Seaman demands a trial by jury on all issues triable as of right by a jury.

DATED this _____ day of April, 2023.

*s/ Todd R. Tucker*
Todd R. Tucker (0065617)
ttucker@calfee.com
Joshua A. Friedman (0091049)
jfriedman@calfee.com
Calfee, Halter & Griswold LLP
1405 East Sixth Street
The Calfee Building
Cleveland, Ohio 44114
Phone: (216) 622-8200
Fax: (216) 241-0816

*Attorneys for Plaintiffs*
